**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| JULIAN ROZANI, Individually and on Behalf of All Others Similarly Situated, | Case No.: 20-cv-29 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| KOHN LAW FIRM, S.C., | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Julian Rozani is an individual who reside in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes, namely a credit card debt.

5. Defendant Kohn Law Firm, S.C. ("Kohn") is a Wisconsin law firm with its principal offices located at 735 North Water Street, Suite 1300, Milwaukee, WI 53202.

6. Kohn is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Kohn is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Kohn is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

8. On or about May 9, 2019, Kohn mailed a letter to Plaintiffs' parents, Bujar and Natasha Rozani, requesting that they verify Plaintiff's residency and employment status. A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

10. Upon information and belief, Exhibit A was mailed in connection with the collection of a debt, allegedly owed to "Creditor: TD BANK USA, N.A." ("TD Bank"), and incurred for personal, family or household purposes, namely purchases of goods at Target stores.

11. Exhibit A is printed on Kohn attorney Josie Qiu's letterhead:

> **Josie Qiu**
> Attorney at Law
> 735 N. Water St., Suite 1300
> Milwaukee, WI 53202
> ph: 414-276-0435 / fax: 414-271-6046

Exhibit A.

12. Exhibit A contains the following:

> Your cooperation is greatly appreciated and all information will be kept completely confidential. I have enclosed a self-addressed and postage-paid envelope for your reply.

Exhibit A.

13. Upon information and belief, the purpose of Exhibit A was to obtain personal information about Plaintiff, including Plaintiff's current residence and employment status:

| Tenant Name: JULIAN ROZANI | Our File Number: ▮3211 | |
| --- | --- | --- |
| | Correct | Incorrect |
| Residence Address: 2524 E ARMOUR AVE SAINT FRANCIS WI 53235-5624 | | |
| Correct Residence Address: | | |
| Residence Telephone: ▮▮▮▮▮ | | |
| Correct Residence Telephone: | | |
| Place of Employment (including address): | | |
| Completed By: | | |

Exhibit A.

14. Upon information and belief, Defendant wished to obtain Plaintiff's current residence and employment status in order to determine whether Plaintiff was "collectible" and a possible judgment on the debt could be collected through garnishment.

15. Upon information and belief, Defendant wished to obtain Plaintiff's current residence and employment status in order to determine whether Plaintiff was "collectible" and the location at which Defendant could serve process to Plaintiff for a small claims lawsuit.

16. Indeed, on or about June 21, 2019, TD Bank filed a small claims lawsuit against Plaintiff, styled *TD Bank USA, N.A. v. Julian Rozani*, Case No. 2019sc019560, *filed* June 21, 2019 (Milw. Cnty. Sm. Claims Ct.).

17. Exhibit A asks for Plaintiff's current residency information and then immediately goes on to assure the recipients of Exhibit A that "all information will be kept completely confidential."

18. Notwithstanding the statement that "all information will be kept completely confidential," the Wisconsin Circuit Court Access database website (colloquially referred to as "CCAP") indicates the parties' addresses.

19. The representation that "all information will be kept completely confidential" is false, deceptive, misleading, and unfair. In fact, the primary purpose of obtaining Plaintiff's residency information was so that Defendant could determine where Plaintiff resided in order to file a lawsuit against Plaintiff, a process by which this information is necessarily disclosed.

20. When a person receives a communication like Exhibit A, the representation that the information will be "kept completely confidential" is highly material to whether or not the letter's recipient will respond by providing residency or employment status information, or indeed whether the letter's recipient will respond at all.

21. The unsophisticated consumer would be confused and misled by Exhibit A.

22. Plaintiff had to spend time and money investigating Exhibit A.

23. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

### *The FDCPA*

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-

CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt

5

Case 2:20-cv-00029-WED    Filed 01/07/20    Page 5 of 9    Document 1

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. Misrepresentations of the character, amount or legal status of any debt and misrepresentations of the level of attorney involvement in an account, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.'" (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

6

27. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### COUNT I – FDCPA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. The statement in Exhibit A that "all information will be kept completely confidential," is false.

31. Kohn is requesting the information in Exhibit A for the purpose of engaging in collection activities, including sending dunning letters, placing phone calls to debtors, and regularly filing lawsuits against consumers.

32. Any information provided pursuant to Exhibit A – particularly the debtor's home address or place of employment – would not be kept confidential. Rather, Kohn would use it to communicate directly with the debtor and for the purposes of collection, sometimes including serving lawsuits and garnishment.

33. Far from being kept confidential, the information that Kohn obtains from letters in the forms of Exhibit A is frequently included in public filings, such as complaints, affidavits of service, or notices of earnings garnishments. Such information would ultimately be available to anyone in the world with internet access on the Wisconsin Circuit Court Access ("CCAP") website if a lawsuit is filed.

34. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

7

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a proposed Class which consists of (a) all natural persons in the State of Wisconsin, (b) who were the subject of one or more residency verification letters in the form represented by Exhibit A to the Complaint in this action, (c) which were sent to a third party, (d) and which include the representation that "all information will be kept completely confidential," (e) seeking to collect a debt for personal, family, or household purposes, (f) between January 8, 2019 to January 8, 2020, inclusive, (g) that was not returned by the postal service.

36. The class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each of the class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

38. Plaintiff's claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: January 8, 2020

                                                   **ADEMI & O'REILLY, LLP**

By:     s/ John D. Blythin
           John D. Blythin (SBN 1046105)
           Mark A. Eldridge (SBN 1089944)
           Jesse Fruchter (SBN 1097673)
           Ben J. Slatky (SBN 1106892)
           3620 East Layton Avenue
           Cudahy, WI 53110
           (414) 482-8000
           (414) 482-8001 (fax)
           jblythin@ademilaw.com
           meldridge@ademilaw.com
           jfruchter@ademilaw.com
           bslatky@ademilaw.com